IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2751-MSK

TEDDY J. GUERIN,

    Plaintiff,

*v.*

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER REVERSING THE COMMISSIONER'S DECISION

**THIS MATTER** comes before the Court on the Plaintiff's Complaint (**# 1**), the Plaintiff's Opening Brief (**# 15**), the Defendant's Response (**# 16**), and the Plaintiff's Reply (**# 17**). For the following reasons, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

### I. JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g).

### II. BACKGROUND

**A. Procedural History**

Teddy Guerin seeks judicial review of a final decision by the Commissioner denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. In March 2010, Mr. Guerin filed for DIB and SSI, claiming he became disabled in January 2009. Tr. at 325–35. Though the Appeals Council twice remanded the

ALJ's decision for further proceedings, it denied review for the ALJ's decision dated September 11, 2015, which stands as the final decision of the Commissioner. He now appeals to this Court pursuant to 42 U.S.C. § 405(g).

**B.     Factual Background**

At the time of his alleged onset of disability, Mr. Guerin was 54 years old. Tr. at 365. He was previously employed as an order puller in a grocery warehouse and a provider of home care services. Tr. at 469–70. The Court summarizes only the evidence relevant to its decision.

Mr. Guerin completed a Work History Report in which he described his past employment as an order puller and home-care provider. Tr. at 469–76. He stated that, as an order puller, he frequently lifted 50 pounds or more and sometimes lifted 100 pounds or more. Tr. at 470. At the hearing, the ALJ asked the vocational expert (VE) if he had enough information to categorize Mr. Guerin's past work and if he needed any additional information. Tr. at 62. The VE stated he had enough information and did not require anything further. Tr. at 62. The ALJ then proposed a hypothetical to the vocational expert (VE) in the following colloquy:

> Q    The second hypothetical is this person is able to occasionally lift and/or carry about 50 pounds, can frequently lift and/or carry about 25 pounds, can stand and/or walk for about six hours out of an eight-hour workday, can sit for about six hours out of an eight-hour workday, should only occasionally climb ladders, has no other physical limitations and the rest of the hypothetical remains the same as hypothetical number one regarding simple instructions with no frequent or prolong[ed] social interactions.
>
> A    Yes, Your Honor.
>
> Q    Would that person be able to perform any of the claimant's past work? . . . [F]or the second hypothetical would this person have been able to perform both the warehouse job and the home health care as actually performed?
>
> A    Yes.

Tr. at 64–65. The ALJ did not question the VE on, nor did the VE testify to, Mr. Guerin's ability

2

to perform his past work as a warehouse worker as generally performed in the national economy. The VE also did not testify to his specific familiarity with or the specific requirements of Mr. Guerin's past work as actually performed.

In September 2015, the ALJ issued a decision unfavorable to Mr. Guerin. Tr. at 16–28. At step one, she found that Mr. Guerin had not engaged in substantial gainful activity since January 29, 2009. Tr. at 19. At step two, the ALJ found that Mr. Guerin had the following severe impairments: mood disorder versus major depressive disorder versus grief reaction, anxiety disorder not otherwise specified, status post left lower extremity metatarsal fractures, obesity, and mild degenerative disk disease of the lumbar spine. Tr. at 19. At step three, she found that Mr. Guerin did not have an impairment that met or medically equaled the presumptively disabling conditions listed in 20 C.F.R. Part 404, Appendix 1. Tr. at 20. The ALJ further found that Mr. Guerin had the residual functional capacity (RFC) to perform medium work with the following limitations: he can occasionally lift or carry up to 50 pounds and frequently lift or carry up to 25 pounds; he can stand or walk and sit for about six hours in an eight-hour workday; he should only occasionally climb ladders; he is able to understand and remember simple instructions that can be learned and mastered within 30 days; he can sustain concentration, persistence, and pace for these instructions in a low-stress environment, with low stress defined as infrequent social interactions; he is able to tolerate supervision, routine work changes; he can plan and set simple goals; and he is able to travel and recognize and avoid work hazards. Tr. at 22. At step four, the ALJ found that Mr. Guerin was capable of performing his past relevant work as a warehouse worker both as he performed it and as it is generally performed in the national economy. Tr. at 27. In doing so, the ALJ stated the VE testified that an individual with Mr. Guerin's RFC "would be able to perform the job as a warehouse worker as described by the claimant and as generally performed." Tr. at

27. The ALJ did not make alternative findings at step five.

## III. STANDARD OF REVIEW

Though the Court's review is de novo, the Court must uphold the Commissioner's decision if it is free from legal error and the Commissioner's factual findings are supported by substantial evidence. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). Substantial evidence is evidence a reasonable person would accept to support a conclusion, requiring "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may not reweigh the evidence, it looks to the entire record to determine if substantial evidence exists to support the Commissioner's decision. *Wall*, 561 F.3d at 1052.

## IV. DISCUSSION

Mr. Guerin argues that the ALJ erred by concluding he could perform his past relevant work and by improperly weighing three medical opinions. Because the Court reverses and remands the decision based on the error at step four, it declines to reach the other three claims.

Step four consists of three distinct phases requiring specific findings for each: determining the claimant's RFC, determining the physical and mental demands of the claimant's past relevant work, and finally determining whether the claimant can meet such demands despite the limitations found in the first phase. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In *Winfrey*, the ALJ erred by not making any findings on the demands of the claimant's past relevant work, instead relying on the VE to assess how the ALJ's proposed limitations squared with the claimant's past work. The Tenth Circuit held that this approach left it "with nothing to review." The court reasoned that the ALJ's error was compounded by the fact that the VE did not establish that the claimant could perform his past relevant work as generally performed in the national economy, as the VE had only testified to the claimant's ability to return to his specific prior job. *Id*. at 1025–

26.

The same situation exists here. The VE did not testify to Mr. Guerin's ability to perform the position of warehouse worker as generally performed in the national economy; he was only prompted by the ALJ to testify to Mr. Guerin's capacity to perform the job *as actually performed*. And the ALJ, likewise, did not make specific findings as to what Mr. Guerin's past work as a warehouse worker demanded. The entirety of the ALJ's analysis at the third phase of step four is based on the VE's testimony.[1] Absent specific findings, the only evidence of the demands of Mr. Guerin's work is in his Work History Report, which states that he lifted 50 pounds frequently and 100 pounds occasionally, well exceeding the limits in the RFC. Thus, Mr. Guerin cannot perform his past job as a warehouse worker as he previously performed it and there is no evidence as to whether he could perform it as it is generally performed. As it stands, the ALJ's step-four findings are unsupported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED AND REMANDED** for proceedings consistent with this opinion.

Dated this 20th day of November, 2017.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Court

---

[1] The ALJ mischaracterizes the VE's testimony, expressly stating that the VE testified to how warehouse worker is performed generally, when, in the Court's review, the VE said no such thing.

5